a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH MICHAEL ELIE III,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00128<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| EDWARD BICKHAM,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed on behalf of Petitioner Joseph Michael Elie III ("Elie"). Elie challenges the legality of his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish.

To determine whether Elie's claims were properly exhausted and whether his Petition should be served, Elie must supplement the Petition with copies of relevant documents.

### I. Background

Elie was convicted of aggravated arson and sentenced to 20 years of imprisonment, to run consecutively with a seven-year sentence imposed in another case in the same court. *State v. Elie*, 2021-117, p. 1 (La.App. 3 Cir. 12/8/21), 2021 WL 5819697. The State charged Elie as a habitual offender, but no action has been taken on the habitual offender bill. ECF No. 1 at 6.

Elie appealed on the grounds that: (1) the state failed to prove that he was the person who set the victim's home on fire; and (2) the trial court erred in allowing other crimes evidence related to two prior arrests for arson, neither of which resulted in convictions. Elie also raised three pro se assignments of error alleging insufficient evidence to convict and two ineffective assistance of counsel claims. *Elie*, 2021 WL 5819697, at 1-2. The appellate court affirmed.[1] Elie's request for rehearing was denied, *State v. Elie*, 2021-00117, p. 1 (La.App. 3 Cir. 1/26/22), as was his writ application to the Louisiana Supreme Court, *State v. Elie*, 2022-00288, p. 1 (La. 4/12/22); 336 So.3d 88.

Elie alleges that he filed an Application for Post-Conviction Relief claiming that the state failed to turn over exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); he was denied effective assistance of counsel in violation of the United States constitution by failing to object to hearsay, false evidence, and perjured testimony and failing to move for mistrial; and he was denied a fair trial when the state failed to correct perjured testimony or provide access to cell phone data. ECF No. 1-1 at 10-11. Elie alleges that the application was denied because claims of insufficient evidence should be raised on direct appeal; claims of ineffective assistance due to false or perjured testimony "were mooted at trial and should have been raised on direct appeal"; admission of past crimes was not sufficient

---

[1] The appellate court amended the sentence to reflect that two years were required to be served without benefit of parole, probation, or suspension of sentence under La.R.S. 14:51. *Id.*

to reverse his conviction; and Elie was not prejudiced by his attorney's failure to move for mistrial or object to certain evidence. *Id.* at 11.

The Third Circuit and Louisiana Supreme Court denied relief. *State v. Elie*, 2024-00921, p. 1 (La. 11/6/24); 395 So.3d 867 (finding that Elie failed to meet the standard of *Strickland v. Washington*, 466 U.S. 668 (1984); failed to show a violation under *Brady v. Maryland*, 373 U.S. 83 (1963); and failed to satisfy his post-conviction burden of proof).

## II.   Law and Analysis

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[2] *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This

---

[2] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:
>  (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>  (A) the applicant has exhausted the remedies available in the courts of the State; or
>  (B)(i) there is an absence of available State corrective process; or
>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>  . . . .
>  (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).

Elie alleges that he was denied his right to a fair trial when the state "introduced false evidence and perjured testimony"; that he received ineffective assistance of counsel; that the state courts' decision to deny post-conviction relief was contrary to law; that the trial court's determination of facts on post-conviction review was unreasonable; and that his current detention is unlawful. ECF No. 1-1 at 13-15.

## III.   Conclusion

To determine whether the claims were properly exhausted and whether the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1),(2), IT IS ORDERED that, within 30 days of the date of this Order, Elie, through counsel, supplement the Petition with a copy of his Application for Post-Conviction Relief and the trial court's ruling; his related writ application to the Third Circuit and the appellate court's ruling; and his writ application to the Louisiana Supreme Court on post-conviction review.

SIGNED on Friday, April 11, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE