c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH MICHAEL ELIE III,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-00128<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| EDWARD BICKHAM,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

AMENDED MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed on behalf of Petitioner Joseph Michael Elie III ("Elie"). Elie challenges the legality of his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish.

To determine whether Elie is entitled to any relief, the Petition and its amendments will be SERVED.

I. Background

Elie was convicted of aggravated arson and sentenced to 20 years of imprisonment, to run consecutively with a seven-year sentence imposed in another case in the same court. *State v. Elie*, 2021-117, p. 1 (La.App. 3 Cir. 12/8/21), 2021 WL 5819697. The State charged Elie as a habitual offender, but no action has been taken on the habitual offender bill. ECF No. 1 at 6.

The appellate court affirmed Elie's conviction and sentence.[1] Elie's request for rehearing was denied, *State v. Elie*, 2021-00117, p. 1 (La.App. 3 Cir. 1/26/22), as was his writ application to the Louisiana Supreme Court, *State v. Elie*, 2022-00288, p. 1 (La. 4/12/22); 336 So.3d 88.

Elie filed an Application for Post-Conviction Relief, which was denied. *Id.* at 11. The Third Circuit and Louisiana Supreme Court denied relief. *Id.*; *State v. Elie*, 2024-00921, p. 1 (La. 11/6/24); 395 So.3d 867 (finding that Elie failed to meet the standard of *Strickland v. Washington*, 466 U.S. 668 (1984); failed to show a violation under *Brady v. Maryland*, 373 U.S. 83 (1963); and failed to satisfy his post-conviction burden of proof).

Elie alleges that he was denied his right to a fair trial when the state "introduced false evidence and perjured testimony"; that he received ineffective assistance of counsel; that the state courts' decision to deny post-conviction relief was contrary to law; that the trial court's determination of facts on post-conviction review was unreasonable; and that his current detention is unlawful. ECF No. 1-1 at 13-15.

II. <u>Law and Analysis</u>

To determine whether Elie is entitled to any relief, THE CLERK IS DIRECTED to prepare summons and serve a copy of the Petition (ECF No. 1), the First Supplemental and Amending Petition (ECF No. 5), the Second Amended Petition (ECF No. 8), the Third Amended Petition (ECF No. 13) and this Order on:

---

[1] The appellate court amended the sentence to reflect that two years were required to be served without benefit of parole, probation, or suspension of sentence under La.R.S. 14:51. *Id.*

- the Attorney General for the State of Louisiana and the respondent warden, via Certified Mail, and;

- the District Attorney for the Ninth Judicial District Court, Rapides Parish, where Elie was convicted and sentenced, via First Class Mail.

IT IS ORDERED that Respondent, through the District Attorney, file within sixty (60) days after the date of service of summons:

1. An answer to the Amended Petition.

    (a)    The answer shall state whether Petitioner has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Louisiana Supreme Court all issues raised in this petition. If Respondent claims that Petitioner has failed to exhaust his state remedies, Respondent shall state whether Petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, Respondent shall present applicable case law as to whether this Court should reach the merits of the claims. If Respondent contends that Petitioner has procedurally defaulted on any ground presented in this petition, Respondent should raise the defense of procedural default.

           Respondent shall also address whether the claims presented herein are cognizable on federal habeas review. If they are not cognizable, Respondent shall present applicable case law as to why the claims are not properly reviewable by this Court.

           Respondent must also state whether Petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings that resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d), as amended by § 104(d) of the AEDPA.

           Respondent shall also state whether Petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. See 28 U.S.C. § 2254(e)(1), as amended by § 104(e) of the AEDPA.

3

2.   A memorandum of law in support of all issues raised in the answer, citing relevant authority of the United States Court of Appeals for the Fifth Circuit, and referring to the pertinent page numbers in the state court record in support of the answer. A COPY OF THE BRIEF FILED IN STATE COURT WILL NOT BE DEEMED SUFFICIENT IN THIS PROCEEDING.

3. A certified copy of the state court record, including transcripts of all proceedings held in the state courts; all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to all state district courts, appellate courts, or the Louisiana Supreme Court; all state court dispositions, including the Third Circuit and Louisiana Supreme Court decisions pertaining to the underlying conviction and post-conviction relief.[2]

The pages of the record shall be arranged in chronological sequence and securely bound together and numbered consecutively. An index describing each item submitted and showing each item's page number shall also be filed/attached.

IT FURTHER IS ORDERED that Petitioner is allowed thirty (30) days following the filing of Respondent's memorandum in which to file any response he wishes to present to this Court.

---

[2] In the event the Respondent is unable to produce any of the above documents, Respondent shall advise this Court in writing why Respondent is unable to produce them.

After the record is complete and all legal delays have run, the Court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

SIGNED on Wednesday, June 25, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE